UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., <br><br>　　　　　　Plaintiff, <br><br>　　　v. <br><br>SMILEDIRECTCLUB, LLC, et al., <br><br>　　　　　　Defendants. | Case No. 23-cv-00023-EMC <br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL** <br><br>Docket Nos. 2, 26 |

Currently pending before the Court are two motions to seal related to the complaint filed by Align. One motion has been filed by Align; the second by Defendants (hereinafter collectively referred to as "SDC"). Although Align originally agreed with SDC that the information at issue should be sealed, it has essentially taken a more neutral position now, leaving it to SDC to argue that the information should be sealed. In accordance with an order issued by Judge Kim (the then-assigned judge), SDC has filed a supplemental brief (Docket No. 33) that identifies what information SDC believes should be sealed and why. The Court hereby **GRANTS** in part and **DENIES** in part the request to seal.

As an initial matter, the Court provisionally seals the arbitration decision (Exhibit 3 attached to the complaint) in its entirety. In so ruling, the Court is not making any final determination as to which parts of the arbitration decision actually warrant sealing. That matter need not be resolved at this point. The entirety of the arbitration decision is not necessary to understand Align's complaint.

As for Align's complaint, the Court agrees with Judge Kim that there must be compelling reasons to seal any portion thereof because "'a complaint is the foundation of a lawsuit.'" Docket

No. 29 (Order at 2); *see also In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 U.S. Dist. LEXIS 138910, at *10-11 (N.D. Cal. Sep. 25, 2013) (noting that "[t]he Ninth Circuit has not explicitly stated the standard – good cause or compelling reasons – that applies to the sealing of a complaint, but this Court and other courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit"); *Perez v. Bath & Body Works, LLC*, No. 21-cv-05606-BLF, 2022 U.S. Dist. LEXIS 204317, at *3 (N.D. Cal. Nov. 9, 2022) (stating that, "[b]ecause the motion to seal pertains to the complaint, the Court will apply the 'compelling reasons' standard").

The Court has reviewed the portions of the complaint that SDC has asked to seal. SDC's main contention is that the complaint has referenced certain portions of the arbitration decision, but the arbitration decision contains information that "is not true and was not based on a full record or evidence of SmileDirect's business model." Docket No. 33-1 (Katzman Decl. ¶ 15). According to SDC, the "false" or "misleading" information "could be used by competitors who otherwise would never have access to SmileDirect's confidential treatment planning and customer data to disparage SmileDirect and its model," and the public would be led to "believ[e] something about SmileDirect that is not true, particularly since the text is presented in the context of an arbitration decision attached to a federal court pleading, which gives the information an appearance of inherent credibility." Docket No. 33-1 (Katzman Decl. ¶ 15); *see also* Docket No. 27 (Opp'n at 19-20) (arguing that "[t]here are statements in the [Arbitration] Decision that are not true and/or are misleading without broader context," and "[t]he disclosure of these factually inaccurate or misleading statements without context could cause harm to the Company by suggesting things to the marketplace that are not, in fact, the case").

Although the Court is not without any sympathy for SDC's position, the Court rejects it. It seems unlikely that disclosure of statements from the arbitration decision would lead to improper use of the information for, *e.g.*, "scandalous or libelous purposes." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1116 n.16 (9th Cir. 2009) (internal quotation marks omitted) (noting that relevant factors to consider in deciding whether there are compelling reasons to seal include "whether disclosure of the material could result in improper use of the material for scandalous or libelous

purposes"); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (stating that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets"). At most, a competitor might cite to the arbitration decision, but nothing prevents SDC from telling the marketplace why the arbitration decision was wrong. And notably, the Ninth Circuit has stated that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or [even] exposure to further litigation will not, without more, compel the court to seal its records." *Id.* In *Kamakana* itself, the Ninth Circuit concluded that the compelling reasons standard was not met even though the defendant-city claimed that disclosure would, *e.g.*, cast police officers in a false light. *See id.* at 1182.

Accordingly, the Court rules as following with respect to the following potions of the complaint:

- Portions of ¶ 9 of the complaint. The request to seal is denied. The Court's general reasoning above applies. The Court also notes that the information at issue is not confidential in the sense that Align's claim in this case is that there is insufficient dentist/orthodontist involvement in SDC's processes.
- Portions of ¶ 96 of the complaint. The request to seal is denied. See above.
- Portions of ¶ 97 of the complaint. The request to seal is granted in part and denied in part. The amount of the payment may be sealed. Otherwise, the sealing request is denied.
- Portions of ¶ 98 of the complaint. The request to seal is granted in part and denied in part. The last sentence which provides some specific numbers may be sealed. Otherwise, the sealing request is denied.
- Portions of ¶ 99 of the complaint. The request to seal is denied. The Court's general reasoning above applies.
- Portions of ¶ 100 of the complaint. The request to seal is denied. The Court's

3

general reasoning above applies.

- Portions of ¶ 101 of the complaint. The request to seal is denied. The Court's general reasoning above applies.
- Portions of ¶ 102 of the complaint. The request to seal is denied. The Court's general reasoning above applies.
- Portions of ¶ 103 of the complaint. The request to seal is denied. The Court's general reasoning above applies.
- Portions of ¶ 170 of the complaint. The request to seal is denied. The Court's general reasoning above applies.
- Portions of ¶ 171 of the complaint. The request to seal is denied. The Court's general reasoning above applies.
- Portions of ¶ 172 of the complaint. The request to seal is denied. The Court's general reasoning above applies.
- Portions of ¶ 173 of the complaint. The request to seal is denied. The Court's general reasoning above applies.

Align shall file a publicly redacted version of the complaint, consistent with the Court's rulings above, within three court days.

This order disposes of Docket Nos. 2 and 26.

**IT IS SO ORDERED**.

Dated: February 9, 2023

_____
EDWARD M. CHEN
United States District Judge