UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SMILEDIRECTCLUB, LLC, et al.,<br><br>Defendants. | Case No.  23-cv-00023-EMC<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO STAY**<br><br>Docket No. 41 |

Previously, the Court issued an order granting in part and denying in part a request to seal information filed by Defendants (hereinafter collectively referred to as "SDC"). *See* Docket No. 36 (order). That same day, SDC appealed the Court's order (to the extent sealing was denied) to the Ninth Circuit. *See* Docket No. 37 (notice of appeal). The Court granted SDC's motion to stay enforcement of the sealing order pending resolution of a motion to stay pending appeal that SDC intended to file. SDC has now filed that motion to stay. Having considered the parties' briefs,[1] the Court finds the matter suitable for disposition without oral argument. The motion to stay pending appeal is hereby **GRANTED**.

> "A stay is not a matter of right. . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.'" Judicial discretion in exercising a stay is to be guided by the following legal principles, as distilled into a four factor analysis in *Nken* [*v. Holder*, 556 U.S. 418 (2009)]: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

---

[1] Align does not oppose the motion to stay pending appeal so long as "the case can proceed on the merits in this Court while the [Ninth Circuit] considers SDC's challenge to [the] sealing order." Resp. at 1.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

1
2
3

> irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion."

4   *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).  "The first two *Nken* factors 'are the most

5   critical.'"  *Id.* at 1204.  However, the Ninth Circuit has indicated that there is a sliding scale along

6   the lines of the standard applicable where there is a request for a preliminary injunction.  In other

7   words, relief may be given where there are serious questions going to the merits and the balance of

8   hardships tips sharply in the moving party's favor.  *See Flores v. Barr*, 977 F.3d 742, 746 (9th Cir.

9   2020); *see also Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020) ("The same sliding scale

10  approach applies to the consideration of stays pending appeal.  'If anything, a flexible approach is

11  even more appropriate in the stay context.'"); *cf. Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-

12  01846-LHK, 2012 U.S. Dist. LEXIS 149820, at *27 (N.D. Cal. Oct. 17, 2012) ("Deciding whether

13  to grant a stay of an order pending an appeal is an equitable inquiry. Each factor in the analysis

14  need not be given equal weight.").

15      In the instant case, the Court concludes that the equitable inquiry favors SDC.  As SDC

16  points out, if the Court were to deny SDC relief now, that would effectively gut its appeal.  SDC

17  would be "deprived of any remedy if this Court does not stay its order.  When the information is

18  publicly filed, what once may have been [confidential information] no longer will be." *Apple, Inc.

19  v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 115162, at *19 (N.D. Cal.

20  Aug. 15, 2012).  Furthermore, the balance of hardships tips sharply in SDC's favor, especially in

21  light of Align's nonopposition to a stay pending appeal.

22      To be clear, however, the Court "does not believe that the partial denial of [SDC's] sealing

23  request was erroneous." *Id.*  SDC suggests that the Court "barely engage[d]" in an analysis of

24  whether the portions of the complaint at issue contained confidential business information.  Mot.

25  at 11.  That is not correct, as borne out by the fact that the Court held that certain information

26  could be sealed from ¶¶ 97 and 98.  *See* Docket No. 36 (Order at 3) (stating that, in ¶ 97, "[t]he

27  amount of the payment may be sealed" and that, in ¶ 98, "[t]he last sentence which provides some

28  specific numbers may be sealed").  SDC also argues that the Court should have deferred to the

United States District Court
Northern District of California

parties' arbitration agreement – *i.e.*, that the arbitration proceedings be kept entirely confidential. But courts have held that an agreement to keep arbitration matters confidential does not by itself establish compelling reasons to seal. *See, e.g.*, *Mission Wellness Pharmacy LLC v. Caremark LLC*, No. CV-22-00967-PHX-GMS, 2022 U.S. Dist. LEXIS 107771, at *2-4 (D. Ariz. June 16, 2022); *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 U.S. Dist. LEXIS 82687, at *9 (N.D. Cal. June 16, 2014); *Pers. Staffing Grp., LLC v. XL Ins. Am., Inc.*, No. CV 22-6491-JFW(SKx), 2022 U.S. Dist. LEXIS 192063, at *6-7 (C.D. Cal. Oct. 19, 2022).

For the foregoing reasons, the Court grants SDC's request for relief, primarily based on the irreparable injury it would face if the Court were to deny a stay of the sealing order pending appeal.

This order disposes of Docket No. 41.

**IT IS SO ORDERED**.

Dated: March 3, 2023

_____
EDWARD M. CHEN
United States District Judge