Krista M. Enns (CA 206430)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
Facsimile:    628.221.5828
kenns@beneschlaw.com

Attorneys for Defendants SmileDirectClub, LLC, SDC Financial LLC, SmileDirectClub, Inc., David Katzman, Steven Katzman, Jeffrey Sulitzer, Sulitzer Professional Corporation, Alex Fenkell, Jordan Katzman, and Camelot Venture Group

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>SMILEDIRECTCLUB, LLC; SDC FINANCIAL LLC; SMILEDIRECTCLUB, INC; DAVID KATZMAN; STEVEN KATZMAN; JEFFREY SULITZER; SULITZER PROFESSIONAL CORPORATION; ALEX FENKELL; JORDAN KATZMAN; CAMELOT VENTURE GROUP,<br><br>            Defendants. | Case No. 3:23-cv-00023-EMC<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO REDACT AND SEAL LIMITED PORTION OF TRANSCRIPT** |

Pursuant to General Order No. 59 and Civil Local Rules 7-11 and 79-5, Defendants SmileDirectClub, LLC, SDC Financial LLC, SmileDirectClub, Inc., David Katzman, Steven Katzman, Jeffrey Sulitzer, Sulitzer Professional Corporation, Alex Fenkell, Jordan Katzman, and Camelot Venture Group (collectively, "Defendants") request an order directing the clerk to redact and seal a limited portion of the transcript (Dkt. 97, the "Transcript") of the hearing (the "Hearing") held on May 4, 2023.

During the Hearing, there was a single reference to information the Court has previously held should be sealed. The Court should keep the seal in place by ordering that this narrow portion of the Transcript be redacted.

I.   **BACKGROUND**

On January 3, 2023, Plaintiff Align Technology, Inc. ("Align") filed a Complaint against Defendants. (Dkt. 1.) Within certain paragraphs of the Complaint, Align quoted or paraphrased parts of a confidential arbitration award, which Align also attached as an exhibit to the Complaint. (*See id.* ¶¶ 9, 95-103, 170-173.) Align also filed a motion to seal these paragraphs of the Complaint, in addition to the arbitration award itself. (Dkt. 2.) Defendants later filed their own motion to seal this material as well. (Dkt. 26.) And the parties fully briefed the issue. (*See* Dkts. 2, 11, 16, 17, 26, 27, 33, 35.) In their substantive briefs and declarations, Defendants explained (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. (*See* Dkts. 26, 33.)

On February 9, 2023, the Court entered an order granting in part and denying in part the parties' motions to seal. (Dkt. 36.) As relevant here, after finding that the "compelling reasons" standard applies to a request to seal any portion of a complaint, the Court granted Defendants' request to seal the last sentence of paragraph 98 of the Complaint, "which provides some specific numbers." (*Id.* at 3:23–24.)

On May 4, 2023, the Court held oral argument on Defendants' motions to dismiss Align's Complaint. (Dkt. 86.) During the Hearing, there was a single reference to one of the specific numbers in paragraph 98 of the Complaint that the Court had previously determined should be kept under seal. (*See* Dkt. 97 at 18:7-9.)

## II.     ARGUMENT

When a party references material that has "no bearing on the resolution of the dispute on the merits," courts review requests to seal for good cause. Network Appliance, Inc. v. Sun Microsystems Inc., No. C-07-06053 EDL, 2010 WL 841274, at *1 (N.D. Cal. Mar. 10, 2010). The good-cause standard applies even if that material is cited in the context of a dispositive motion. See *id.* at *2.

Here, the limited portion of the Transcript that Defendants seek to seal has no bearing on the resolution of the dispute on the merits.  Thus, under the exception stated in *Network Appliance*, the "good cause" standard applies.  Should the Court disagree, and instead apply the "compelling reasons" standard, however, the result is the same.

In its prior sealing order, the Court ordered that the specific numbers in paragraph 98 of the Complaint be sealed.  (Dkt. 36 at 3:23–24.)  Reference to one of those numbers was made during the Hearing.  (*See* Dkt. 97 at 18:8.)  For the same reasons stated in the Court's previous order, the Court should order that this limited portion of the Hearing Transcript be redacted and sealed.  The same compelling reasons that justified the sealing of the specific numbers referenced within the Complaint justify the sealing of that same information within the Hearing Transcript.  Rather than disturb its prior ruling, the Court should keep the seal in place, no matter where the information is repeated.  Consequently, the specific number that appears on page 18, line 8 of the Transcript should be ordered redacted and sealed.

## III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court redact and seal the number identified at page 18, line 8 of the Transcript (Dkt. 97 at 18:8).

| | |
|---|---|
| 1  Dated: June 8, 2023 | Respectfully submitted, |
| 2 | |
| 3 | *s/ Krista M. Enns* |
| 4 | KRISTA M. ENNS (CA 206430)<br>Benesch, Friedlander, Coplan & Aronoff LLP |
| 5 | 100 Pine Street, Suite 3100<br>San Francisco, California 94111 |
| 6 | Telephone:  628.600.2250<br>Facsimile:  628.221.5828 |
| 7 | Email:  kenns@beneschlaw.com |
| 8 | Attorneys for Defendants SmileDirectClub, LLC, SDC Financial LLC, SmileDirectClub, Inc., David Katzman, Steven Katzman, Jeffrey Sulitzer, Sulitzer Professional Corporation, Alex Fenkell, Jordan Katzman, and Camelot Venture Group |

3

**DEFENDANTS' ADMINISTRATIVE MOTION TO REDACT AND SEAL LIMITED PORTION OF TRANSCRIPT**
Case No. 3:23-cv-00023-EMC