Clement L. Glynn (No. 57117)
Adam M. Rapp (No. 280824)
GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG LLP
100 Pringle Avenue, Suite 500
One Walnut Creek Center
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
cglynn@glynnfinley.com
arapp@glynnfinley.com

Rebecca Weinstein Bacon*
Luke C. Beasley*
Noor-ul-ain S. Hasan*
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
rweinstein.bacon@bartlitbeck.com
luke.beasley@bartlitbeck.com
noor.hasan@barlitbeck.com

Jameson R. Jones*
Joseph W. Doman*
BARTLIT BECK LLP
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
jameson.jones@bartlitbeck.com
joe.doman@bartlitbeck.com

*pro hac vice

Attorneys for Plaintiff
ALIGN TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SMILEDIRECTCLUB, LLC; SDC FINANCIAL LLC; SMILEDIRECTCLUB, INC; DAVID KATZMAN; STEVEN KATZMAN; JEFFREY SULITZER; SULITZER PROFESSIONAL CORPORATION; ALEX FENKELL; JORDAN KATZMAN; CAMELOT VENTURE GROUP. <br><br> Defendants | **Case No. 3:23-cv-00023-EMC** <br><br> **JOINT STATUS CONFERENCE STATEMENT** |

JOINT STATUS CONFERENCE STATEMENT

Align Technology, Inc. ("Align") and SmileDirectClub, LLC, SDC Financial LLC, SmileDirectClub, Inc., David Katzman, Steven Katzman, Jeffrey Sulitzer, Sulitzer Professional Corporation, Alex Fenkell, Jordan Katzman, and Camelot Venture Group (collectively, "Defendants") jointly submit this Joint Case Management Statement pursuant to the Court's Order on May 23, 2023 (Dkt. No. 93).

**I.    The Court's Dismissal Order and Align's Intent to Amend**

On August 14, this Court issued an Order (Dkt. No. 103) granting in part and denying in part Defendants' motions to dismiss (Dkt. Nos. 50 & 51). The Court granted Defendants' motion to dismiss Align's Lanham Act and RICO claims, with leave to amend the same within 30 days of the Order. The Court denied Defendants' motion to dismiss Align's UCL and FAL claims, but ruled that Align could seek only injunctive relief under those claims. Per the Court's instructions, Align intends to amend its complaint and anticipates it will do so prior to the 30-day deadline set by the Court. In light of Align's intent to amend its complaint, the parties agree that Defendants need not file an answer to Align's remaining claims in its current complaint. Defendants shall answer Align's Amended Complaint, should an answer be necessary, after any ensuing motions practice is resolved.

Should Align choose not to amend its complaint within the 30-day deadline set by the Court, Defendants will answer Align's remaining claims within 14 days after Align provides notice to Defendants of its decision not to amend its complaint. The Court's Order was sealed in its entirety. The Court ordered the parties to confer on which portions of the Order should remain sealed and jointly file a request to file under seal within a week of the date of its Order, which was August 21. The parties yesterday filed their joint request regarding sealing.

**II.   Motions**

There are no pending motions. After Align files it Amended Complaint, Defendants may file a responsive motion to dismiss. The parties will meet and confer on a briefing schedule.

The Court previously issued a Sealing Order that granted in part and denied in part Defendants' motion to seal (Dkt. No. 36). The Court then stayed the Sealing Order pursuant to Defendants' first request for a stay (Dkt. No. 39), and then on March 3 granted Defendants' motion

to stay the Sealing Order pending appeal (Dkt. No. 47). Defendants' appeal has been fully briefed and is pending before the Ninth Circuit.

### III.  Discovery

The parties on August 21 filed a Stipulated Protective Order and a Stipulated Protocol for the Production of Electronically Stored Information, which the Court adopted and entered on the same day (Dkt. Nos. 105 & 106).

The parties have also been negotiating the production in this case of materials that were previously produced in the arbitrations between Align and SDC Financial, LLC and SmileDirectClub, LLC. The parties have substantially reached an agreement on issues related to that, including the scope of materials to be produced, the requirement that the materials be produced only after the Stipulated Protective Order is entered in this case, the confidentiality designations the materials will bear once deemed produced here, and sealing practice with respect to materials produced from the arbitrations.

The parties have not yet exchanged written discovery. Align waited to do so until disposition of Defendants' motion to dismiss, but intend to serve some initial written discovery following the filing of its Amended Complaint. Defendants have not served any discovery on Align's claims, nor have Defendants asserted their counterclaims—so no discovery has been issued with respect to those, either.

### IV.  Case Schedule

At the Initial Case Management Conference on May 23, the Court set a trial date of April 14, 2025. The Court also ordered at the CMC that discovery was now open. Otherwise, the Court has not entered a scheduling order in this case.

In their initial Joint Case Management Statement, the parties did not agree on certain issues with respect to the schedule (Dkt. No. 89). Specifically, Defendants proposed bifurcating discovery, such that "Phase One" of discovery would relate to Defendants' laches defense. Align disagreed with that proposal. In addition, Align proposed an early deadline for the Court to determine on summary judgment whether the arbitrator's findings in the Final Award issued at the conclusion of the

confidential arbitration between Align and SDC Financial, LLC and SmileDirectClub, LLC bind SDC Financial, LLC and SmileDirectClub, LLC as a matter of collateral estoppel. Defendants disagreed with that proposal. (*Id.* at 9). The Court deferred ruling on Align's proposed early summary judgment motion.

The parties respectfully suggest that further discussion on the schedule should occur after Align has filed its Amended Complaint, and after Defendants have determined whether they will file a subsequent motion to dismiss. If Defendants do so, the parties believe it would be most efficient to confer on a schedule following disposition of that motion.

**V.     Alternative Dispute Resolution**

The parties agree that private mediation may be appropriate after certain initial discovery is conducted.

| | |
|---|---|
| Dated: August 22, 2023 | Respectfully submitted, |
| By: s/ *Jameson R. Jones*<br>    JAMESON R. JONES (*pro hac vice*)<br>    BARTLIT BECK LLP | By: s/ *Krista M. Enns*<br>    KRISTA M. ENNS (CA 206430)<br>    BENESCH, FRIEDLANDER,<br>    COPLAN & ARONOFF LLP |
| Attorneys for Plaintiff, Align Technology, Inc. | Attorneys for Defendants<br>SmileDirectClub, *et al.* |